UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

MISCELLANEOUS CASE NO. 13-1-DLB-EBA

UNITED STATES OF AMERICA                                              PLAINTIFF

vs.    **MEMORANDUM ORDER ADOPTING MAGISTRATE JUDGE'S
       REPORT AND RECOMMENDATION**

JOHN C. CURTIS                                                        DEFENDANT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Magistrate Judge's March 25, 2013 Report and Recommendation ("R&R"), wherein he recommends that the Court deny Defendant's Motion for Appointment of Counsel. (Doc. # 4). Defendant filed a timely objection to the R&R (Doc. # 5), and this matter is now ripe for review. For the following reasons, the Court will **overrule** Defendant's objections, adopt the Magistrate Judge's recommendation, and **deny** Defendant's Motion for Appointment of Counsel (Doc. # 1).

Defendant is currently serving a fifteen (15) year sentence at FCI-Ashland as a result of a 2009 Judgment imposed by United States District Court Richard L. Williams of the Eastern District of Virginia for twenty-one crimes committed prior to November 1, 2007. Defendant is scheduled for an upcoming parole review hearing. He has moved for appointed counsel to represent him at that hearing (Doc. # 1).

Magistrate Judge Atkins has recommended that Defendant's motion be denied. (Doc. # 4). Citing 18 U.S.C. §3006A, the Magistrate Judge stated that counsel will be

1

provided to those defendants who are (1) financially eligible and (2) entitled to appointment of counsel in parole proceedings. (Doc. # 4 at 1). The Magistrate Judge found that although Defendant is financially eligible, he is not entitled to appointed counsel in a parole review hearing. (*Id.* at 2). According to the Magistrate Judge, the Parole Commission and Reorganization Act of 1976, 18 U.S.C. § 4201, *et seq.*, applies to those defendants, such as Defendant Curtis, that committed crimes before the act was repealed in November 1, 1987. (*Id.*) (citing Pub. L. No. 98-473; 98 Stat. 2027 (1984); *Turner v. United States Parole Com'n*, 934 F.2d 254, 257 n. 2 (10th Cir. 1991)). That Act, specifically 18 U.S.C. § 4214(a)(2)(B), only requires appointed counsel for indigent defendants facing parole *revocation* hearings. Because Defendant is scheduled for a parole *review* hearing rather than a parole *revocation* hearing, the Magistrate Judge recommends that he is not entitled to court appointed counsel under the Act.

Defendant has objected to the Magistrate Judge's R&R in two respects. First, Defendant submits that because of his "age, physical condition, and mental capacity," he is entitled to court appointed counsel pursuant to the following: 29 U.S.C. § 794; 42 U.S.C. § 1397; 18 U.S.C. § 3006A(a)(1)(F); 42 U.S.C. § 3002; 42 U.S.C. § 3012; 42 U.S.C. § 3058; and 42 U.S.C. § 1397j[1]. Second, Defendant challenges the validity of his conviction and argues he is entitled to a writ of error *coram nobis*. Both arguments lack merit.

None of the statutes cited by Defendant entitle him to court appointed counsel at his parole review hearing, even as a result of his age, physical or mental capacity. The only statute cited by Defendant that speaks to an individual's right to court appointed counsel

---

[1] Defendant cited "Subtitle B. Elder Justice (6)(A)(i)(ii)(B)" which appears to be a citation to Pub. L. 111-148, later codified at 42 U.S.C. § 1397j.

is 18 U.S.C. § 3006A(a)(1)(F). That statute provides that "[r]epresentation shall be provided for any financially eligible person who . . . is subject to a mental condition hearing under chapter 313 of this title." Although Defendant asserts that he is mentally incapacitated, he is not being subjected to a mental condition hearing as contemplated by § 3006A(a)(1)(F). Rather, he will be appearing before a parole review board. As such, he is not entitled to court appointed counsel under this statute.

Defendant's reliance on all other statutes mentioned in his objection is entirely misplaced because none of those statutes discuss a disabled, elderly and/or indigent prisoner's right to court appointed counsel at a parole review hearing. For instance, Section 504 of the Rehabilitation Act of 1973, codified at 29 U.S.C. § 794(a), prohibits a qualified individual with a disability from being excluded "from the participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance" "solely by reason of her or his disability." This statute, however, says nothing about whether an indigent prisoner must be provided counsel at a parole review hearing, nor does it compel a court to provide a disabled, indigent prisoner with rights that a non-disabled, indigent prisoner does not otherwise retain. Simply put, § 794(a) protects the rights of disabled individuals; it does not *confer* any benefit to disabled individuals that is not also enjoyed by non-disabled individuals, and it certainly does not guarantee Defendant to a court appointed attorney at his parole review hearing.[2]

---

[2] Defendant relies on other statutes that say even less about a disabled, elderly, and/or indigent individual's right to court appointed counsel. For example, 42 U.S.C. § 1397 authorizes federal block grants to states providing social services under Title XX of the Social Security Act. 42 U.S.C. § 1397j and 42 U.S.C. § 3002 define terms used in other parts of statute. 42 U.S.C. § 3012 set forth the duties of the Assistant Secretary of Aging. 42 U.S.C. § 3058 requires the Assistant Secretary to "establish and carry out a program for making allotments to States to pay for the cost of carrying out vulnerable elder rights protection services." Because these statutes are

The Magistrate Judge is correct in his recommended conclusion that Defendant's sole source of entitlement to court appointed counsel is the Parole Commission and Reorganization Act ("PCRA"). 18 U.S.C. §§ 4201-4218. *See Noll v. Knowles*, 19 F.3d 1440, at *1 n. 1 (9th Cir. 1994) (unpublished table decision) (explaining that the Parole Commission and Reorganization Act was repealed as part of the Comprehensive Crime Control Act of 1984, but remained applicable to individuals who committed offenses prior to November 1, 1987) (citing Pub. L. 98-473, 98 Stat. 2027 § 234 (1984)). Pursuant to § 4214 of the Act, a parolee has a statutory right to appointed counsel in parole *revocation* matters. *See Harris v. Day*, 649 F.2d 755, 757 (10th Cir. 1981) (citing *Baldwin v. Benson*, 584 F.2d 953 (10th Cir. 1978)). However, as the Magistrate Judge explained, this right to appointed counsel does not extend to parole *review* hearings. As such, Defendant is not entitled to court appointed counsel under the PCRA at his upcoming parole review hearing.

Aside from attempting to find a statutory right to appointed counsel, Defendant also challenges the validity of his conviction and requests a writ of error *coram nobis*. This argument is misplaced for several reasons. On a procedural level, Defendant is not permitted to raise new matters in objections that were not initially raised to the Magistrate Judge. *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2009). In Defendant's original motion, he merely sought appointed counsel to represent him at a parole review hearing. (Doc. # 1). That request is entirely unrelated to his present contention that he is entitled to a writ of error *coram nobis* because his conviction is invalid. This alone is sufficient to overrule Defendant's objection. However, Defendant's argument suffers a

---

entirely irrelevant to Defendant's request, the Court will not analyze these statutes any further.

more fundamental flaw. As the Sixth Circuit has held, "a prisoner in custody is barred from seeking a writ of error *coram nobis*. *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001). The writ "lies only where the petitioner has completed his sentence and is no longer in federal custody . . . ." *United States v. Little*, 608 F.2d 296, 299 n. 5 (8th Cir. 1979), *cert denied*, 444 U.S. 1089 (1980). Because Defendant remains incarcerated at FCI-Ashland, he is not entitled to a writ of error *coram nobis*, and the Court need not consider his challenges to the validity of his conviction.

Accordingly, for each of these reasons, **IT IS ORDERED** as follows:

(1) Defendant's objections to the Magistrate Judge's Report and Recommendation (Doc. # 5) are hereby **OVERRULED**;

(2) The Magistrate Judge's Report and Recommendation (Doc. # 4) is hereby **ADOPTED** as the conclusions of law of this Court; and

(3) Defendant Motion for Appointment of Counsel (Doc. # 1) is hereby **DENIED**.

This 17th day of May, 2013.



Signed By:
*David L. Bunning*
United States District Judge

G:\DATA\ORDERS\Ashland Criminal\2013\13-misc-1 Order adopting R&R.wpd